UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

DISTRICT OF NH
FILED

2026 MAY 18 P 7 28

24 HOUR DEPOSITORY

MOLLY MORGAN,
Plaintiff,

v. Civil Action No. _____

COLBY-SAWYER COLLEGE,
Defendant.

COMPLAINT

Plaintiff Molly Morgan ("Plaintiff"), for her Complaint against Defendant Colby-Sawyer College ("Defendant" or "CSC"), states as follows:

INTRODUCTION

1. This is an action for retaliation in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq.
2. Plaintiff was employed by Defendant as Assistant Director of the Student Learning Collaborative beginning in approximately August 2021.
3. During the course of her employment, Plaintiff became involved in a sensitive matter involving two student employees, including a female student who strongly implied to Plaintiff that she had been sexually assaulted and/or raped by another student employee.
4. During Plaintiff's involvement in the matter, Plaintiff further became aware of allegations involving interpersonal conflicts and institutional sensitivities surrounding the students, including allegations communicated to Plaintiff by the involved students that the male student's father, who was also employed by Defendant institution, had purposely interacted with the female student prior to one of her academic presentations in a manner that allegedly caused the female student significant emotional distress.
5. Despite the sensitive and potentially Title IX-related nature of the matter, Plaintiff's supervisors, including Dean of Students Robin Davis and Plaintiff's direct supervisor, Director of the Student Learning Collaborative Caren Baldwin-Dimeo, delegated responsibility for handling aspects of the situation to Plaintiff rather than managing the matter themselves or referring it directly to appropriately trained Title IX personnel.
6. Plaintiff had only limited Title IX-related training and reasonably relied upon the instructions and guidance of supervisory personnel in attempting to respond appropriately and in good faith to the situation.
7. Plaintiff acted in good faith in attempting to support student safety, comply with supervisory directives, and address concerns involving potential sexual misconduct and student conflict.
8. After Plaintiff became involved in the matter, Defendant shifted blame onto Plaintiff and ultimately terminated Plaintiff's employment on May 16, 2023 under purported performance-based rationales that were inconsistent with Plaintiff's prior evaluations, supervisory instructions, and Defendant's prior treatment of Plaintiff.

9. Defendant's actions constituted unlawful retaliation under Title IX.

## JURISDICTION AND VENUE

10. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 20 U.S.C. § 1681.
11. Defendant receives federal financial assistance and is subject to Title IX.
12. Venue is proper in the United States District Court for the District of New Hampshire pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred in New Hampshire.

## PARTIES

13. Plaintiff Molly Morgan is an adult resident of the State of New Hampshire.
14. Defendant Colby-Sawyer College is a private college located in New London, New Hampshire.

## FACTUAL ALLEGATIONS

15. Plaintiff was hired by Defendant in approximately July 2021 and began employment in approximately August 2021 as Assistant Director of the Student Learning Collaborative.
16. Plaintiff's duties included coordinating peer tutoring, assisting students academically, scheduling student staff, and assisting in supervision of student employees.
17. Plaintiff had no prior higher-education administrative experience before joining Defendant institution and reasonably relied upon more senior supervisory personnel for guidance regarding complex institutional matters.
18. Plaintiff's direct supervisor was Caren Baldwin-Dimeo, who had substantially greater institutional experience and authority than Plaintiff.
19. Plaintiff received positive formal performance evaluations, formally indicated in a performace review in approximately May 2022.
20. Plaintiff did not receive documented disciplinary action or substantial documented performance deficiencies prior to the events giving rise to her termination.
21. In approximately April 2023, Plaintiff was contacted by phone by Dean of Students Robin Davis regarding a conflict involving two student employees who reportedly had previously been subject to a no-contact order.
22. At all relevant times, Robin Davis served as Dean of Students and, upon information and belief, was one of only two Title IX officers or administrators on Defendant's campus.
23. Upon information and belief, Robin Davis had previously been involved in handling complaints and concerns raised by the female student relating to the male student employee and related interpersonal and/or Title IX-sensitive issues.
24. Plaintiff was instructed by Robin Davis to assist in determining a way for the students to attend required trainings without being placed together in the same room.
25. Plaintiff had never received individual contact or direction from Robin Davis until this request.
26. Plaintiff proposed a solution whereby one student could attend virtually and one could attend in person.

27. Plaintiff understood that Robin Davis approved Plaintiff's proposed solution.

28. Despite that proposed solution, Plaintiff's direct supervisor, Caren Baldwin-Dimeo indicated that the solution the Plaintiff suggested was not sufficient and then instructed Plaintiff to further involve herself in attempting to resolve issues between the students.

29. Plaintiff was directed by supervisory personnel to communicate with the female student regarding what accommodations or conditions the student would require to feel comfortable participating in in-person training with the male student employee

30. During communications with Plaintiff, the female student became emotional and strongly implied to Plaintiff that she had been sexually assaulted and/or raped by the male student employee.

31. Plaintiff had received only limited (1 hour) online Title IX-related training.

32. Plaintiff nevertheless attempted in good faith to support the student, comply with supervisory directives, and address the situation appropriately.

33. Plaintiff reasonably believed the matter involved potentially serious sexual misconduct and student safety concerns.

34. Plaintiff further reasonably believed that the situation implicated Title IX-related concerns and obligations.

35. Plaintiff understood from Defendant's Title IX-related training and institutional policies that disclosures involving potential sexual assault or sexual misconduct were required to be treated seriously and communicated through appropriate supervisory or institutional channels.

36. Plaintiff denies that she acted dishonestly or mishandled the matter and maintains that she acted in good faith reliance upon supervisory directives, institutional expectations, and her understanding of Defendant's Title IX-related obligations.

37. Plaintiff reasonably believed her actions were consistent with Defendant's institutional expectations and legal obligations relating to student safety and Title IX-related concerns.

38. Plaintiff did not intentionally violate Defendant's policies, act maliciously, or attempt to harm Defendant or any student.

39. Plaintiff reasonably relied upon the guidance and directives of more senior administrators and supervisors in handling the matter.

40. Upon information and belief, the matter became politically and institutionally sensitive for Defendant.

41. Plaintiff was thereafter blamed for circumstances arising from the situation despite Plaintiff having acted under supervisory direction, with limited training, and in accordance with her legal reporting obligations.

42. Plaintiff was not afforded a fair opportunity to fully explain her actions, defend the allegations of dishonesty or the context of the situation prior to termination.

43. Plaintiff was informed by Defendant's Director of Human Resources, Heather Zahn, that Plaintiff's institutional email account had been "inactivated and purged," preventing Plaintiff from accessing potentially relevant communications related to the events described herein.

44. Defendant terminated Plaintiff's employment on or about May 16, 2023.

45. The purported reasons for Plaintiff's termination, including allegations that Plaintiff acted dishonestly or improperly handled the matter, were false, pretextual, and inconsistent with Plaintiff's prior performance history and supervisory directives.

COUNT I
RETALIATION IN VIOLATION OF TITLE IX
(20 U.S.C. § 1681)

42. Plaintiff incorporates by reference Paragraphs 1 through 41 as though fully set forth herein.
43. Plaintiff engaged in protected activity under Title IX by participating in, responding to, discussing, and attempting to address concerns involving alleged sexual assault, student safety, and potential sex-based misconduct involving students at Defendant institution.
44. Defendant knew Plaintiff engaged in such protected activity.
45. Defendant thereafter subjected Plaintiff to adverse employment action, including termination.
46. There was a causal connection between Plaintiff's protected activity and Defendant's adverse employment actions.
47. Defendant's stated reasons for Plaintiff's termination were false, pretextual, and retaliatory.
48. As a direct and proximate result of Defendant's conduct, Plaintiff suffered damages including, but not limited to:
a. lost wages and benefits;
b. loss of earning capacity;
c. reputational harm;
d. emotional distress;
e. humiliation;
f. anxiety and loss of confidence;
g. and other compensatory damages.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against Defendant;

B. Award compensatory damages in an amount to be determined at trial;

C. Award back pay, front pay, and lost employment benefits;

D. Award pre-judgment and post-judgment interest;

E. Award costs and attorney's fees as permitted by law;

F. Grant such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

_____    5/18/26

Molly Morgan
PO Box 168 Elkins, NH 03233
248-217-4249
mollybmorgan@gmail.com
Plaintiff, Pro Se